2014, 5042. We're ready when you are, Mr. Mathias. Good morning, members. My name is Damon Mathias, and I represent the appellant Richard Higbie, a matter of Richard Higbie v. United States. We're here today on a breach of a mediation agreement. The case was dismissed in the trial court due to the fact that the judge found that there was no Tucker Act jurisdiction and that the contract between Richard Higbie and the United States in the mediation was not a money mandating contract. We believe that was error. First and foremost, we believe there was a valid contract between Richard Higbie and the United States. As far as the money mandating requirement that we were... Within the mediation clause that we're looking at here in this case, is there a money mandating requirement or is there any requirement, and I'm talking only about the mediation agreement, is there any requirement for monetary damages? There is nothing explicitly in the agreement that would call for money damages. My understanding of the law... What's your argument that the mediation agreement is money mandating? Sure. Our argument is that there's a presumption that when there's a breach of contract, there are damages. The case law says that there's no requirement that there explicitly be listed that damages are absolutely required to be written explicitly into the contract. So, the language is that you come armed with the presumption of damages. Granted in Holmes, where there are cases where there is the potential for equitable relief and that would be outside of those money damages, a plaintiff needs to show that there was actually damages that could be... This relates to the jurisdiction of the Court of Federal Claims and that's a fairly circumscribed, established situation and why should we be expanding their jurisdiction? Is there any law interpreting breach of an agreement to mediate as being money mandating? What I would actually rely on, I don't think it would actually be an expansion. I actually see this case very similar to Holmes and I know that the judge disagreed with us on that note. The reason I think that it is similar to Holmes is that the traditional remedy for the breach in Holmes was not money. I believe it's footnote 8 in the Holmes case discusses the fact that there were specifically prescribed EOC regulations as far as what was to be done in the event of a breach, which was not... Holmes found a money mandating... Holmes was... In essence, it was found at the very end. It was found to be money mandating. Tell me if I'm wrong. As far as I can tell, I have found only one case in the history of this Court or its predecessors that found the contract not to have a money mandating remedy and that's the Rick's Mushroom case. Is there more? Not to my knowledge. You indicated in your brief that, I guess you cited a Florida statute that provides for damages remedy for breach of mediation confidentiality provision. At least when I looked online, I found four or five cases recognizing the same. I'm not aware, are you, of any case that has ever rejected the proposition that breach of a mediation confidentiality provision comes with the ordinary default remedy of damages? I'm not aware. And you didn't argue law of the case that the June 2012 Dallas District Court decision rejecting the government's motion to dismiss the breach of contract claim, a motion premised as far as I could tell from the description on the same argument they're making here, that that's law of the case here. I believe their argument, if I remember correctly, was that it was pursuant to the ADA and in essence there was no cause of action for breach of mediation. And the district court there said that may well be, but you could obtain damages under a straight breach of contract. Under common law breach of contract. But you didn't argue that that was law of the case on this issue once we were in the court of federal claims. Correct. And back to Holmes. As I indicated, that was not the classic, that was not the breach. And the important point there being that there's nothing, and actually in Holmes they indicated that there are other court of appeals that actually disagreed with this court. And this court went out of their way to specifically say just because this is the typical way that we do it, there's an EEO regulation, there's nothing saying we need to go that way. They went out of their way to go ahead and say they're coming with this presumption, it can be fairly interpreted, it's not a very high bar to meet. Granted, language says it can't be lightly inferred and we don't believe it's being lightly inferred, but we are at a motion to dismiss level, we're not at a summary judgment level. And we would argue that at least at this level, we have met our burden as far as the contract being fairly, that money damage is being fairly contemplated from the breach of the mediation. Can I ask you this? There's some discussion in at least some of our cases of whether the government officials that entered into the contract had authority to commit government money for its breach. Did these officials have that authority and if so, where did they get it from? I'm not aware whether they had that authority to bind the United States government monetarily. Obviously, they were acting on behalf of the United States government and their actions can result in money damages, the vicarious liability, but I'm not aware of anything explicitly where they're entering into a classical contract in the sense of making a monetary deal with an outside party on behalf of the United States government. You might speak up a little bit more because we're recording the argument. Okay. So let's go back. Shelby, where in the arbitration agreement or the mediation agreement that there's a even that the merits of the mediation is centered on a monetary damage award of some kind? There's no per se language in the mediation agreement that necessitates. There's no liquidated damage clause within the agreement in some mediation agreement. How does that circumstance fit within Holmes? I think it fits within Holmes. I think there were two separate, if I remember correctly, within Holmes, you had a monetary, specifically monetary reward that was awarded within the agreement for Holmes. And then you had separate actions that the government was or was not required to take. And I saw this as two separate issues. What the government was, what the case in Holmes was honed in on was the specific actions that the government had or had not taken against Holmes. And as I mentioned earlier, the EEO already had regulations with which to deal with the breach of the agreement in and of itself that should have been followed. The court went out of its way to say, yes, you have those agreements, but those rules and those guidelines to follow with regard to breach. However, we are not required to only follow those. And there's nothing precluding reading a monetary damage in and above those regulations as well. But our law requires that there be a specific money mandating requirement. Not that you can read one into or argue one, but there has to be a specific money mandating requirement. And you're telling us that the mediation agreement did not have such a requirement. Well, if I may, from a quote line from Holmes, I believe it's quoting United States v. Teston, says the other source of law, and I'll read the whole paragraph, the Tucker Act does not create substantive rights. Rather, it is a jurisdictional provision that operates to waive sovereign immunity for claims premised on other sources of law. The other source of law need not explicitly provide that the right or duty it creates is enforceable through a suit for damages, but it triggers liability only if it can be fairly interpreted as mandating compensation by the federal government. I would say the act itself, the breach of that provision of that agreement would be reasonably amenable to a reading of damages, would be our argument. Wouldn't it be more reasonable to read that the breach of the confidentiality clause within the mediation agreement would be that any statements that were disclosed that should have been maintained in a confidential nature, that those statements cannot be used as evidence in the proceeding on the merits? I agree that that could be one, similar to Holmes, that that could be one way to deal with the breach of it. I think in this case it becomes problematic, and since this is not litigation, we're not in a lawsuit, there's not even a hearing for any administrative judge at this point. So the breach of that agreement seems somewhat toothless at this point, would be our argument. It's not really an adequate breach, and even if it were an adequate breach, I think that Holmes would allow the court to go above and beyond that and to fairly interpret the breach of that agreement as money mandating. We will save the remainder of your time for rebuttal. Ms. Kirshner. May it please the court. The court should affirm, because in this case, the lower court correctly applied the right standard to the facts alleged in the complaint. The standard to be applied in this case is the standard that this court enunciated in Holmes. That is, can the contract or agreement be fairly interpreted as mandating the payment of money in the event of breach? Can I ask, are you aware of any case that has said that the breach of a mediation confidentiality provision cannot support a monetary damages remedy? I know you have cases that say one available remedy is the exclusion of any such disclosure from a litigation proceeding, but those cases are obviously not cases that say that that's the exclusive remedy. Is there any case that has said a breach of the mediation confidentiality provision is not actionable in damages? I'm not aware of any. If I take it right, it's your position that if in the mediation the plaintiff broke down and said, my daughter's on drugs and my son is running around with the wrong crowd, etc., and I've got to get this money, that disclosure of that would not generate a damages remedy because it was in mediation? Yes, and also based on the context. What the lower court said in this case is he looked at the language of this mediation agreement and its context. This is a mediation agreement that parties are required to enter into pursuant to the EEOC regulations, and it states that in the second paragraph of the agreement. The EEOC regulations would be 29 CFR 1614.102B2. I'm sorry, it's also in the record, but 29 CFR 1614.102B2. That regulation makes clear that agencies are required to adopt mediation procedures for EEOC complaints. This is an EEOC regulation, so the agencies must have a mediation procedure in place. And in paragraph two of the agreement itself, it says, while consenting. What are you reading from? Yes, I'm reading from the appendix page 127. This is the mediation agreement itself. Paragraph two. When consenting a grieved person, complainants and management officials are required to appear at a scheduled mediation conference and engage in good faith attempts to resolve the matter, parties may withdraw from the mediation session and will not be forced into an agreement. And I'm pointing to the language required, and that is consistent with the regulation. Pursuant to EEOC procedures, parties are required to go through a mediation, and that's what happened in this case. There was a formal... from the rooftop would not generate a breach of contract. What I'm pointing out here is that the lower court's decision is based on the context and purpose of the mediation agreement itself. Here, you are required to participate in the mediation. You sign with essentially a one page within a signature page attached to it. You sign a very, very simple document, and you sign it... Is another one of your answers to Judge Toronto's question that the absence of a negative preclusion of damages for... money damages for mediation breach isn't necessarily a positive, and that sovereign immunity would argue against creating or expanding the jurisdiction of the claims court. We certainly... yes, yes, absolutely. Here, the government is acting as a sovereign. It is required to enter into this agreement. It enters into... I'm sorry, it's acting as an employer. Being potentially sued for the disemployment discrimination, is that what this is? That's also correct, but here, this is not a settlement agreement. All this is is a procedural agreement that parties are required to sign... Let me just explain what's bothering me. As I read Supreme Court cases, there are a number of statements that say the default rule on contracts is that there's a damages remedy. Winstar says that, others. And virtually all of those contracts will say nothing about money mandating. Maybe liquidated damages will be in them, but the general rule is the contract doesn't specify the damages remedy. The damages remedy comes with the contract. We have, as far as I can tell, only one case in all of our history that never said, here's a particular kind of contract that doesn't. And that's Rick's Mushroom. Maybe you can tell me if there are more. And I'm trying to understand what the theory is for designating this particular contract as another kind of contract that comes within an exception to the otherwise very general rule that contracts come with implicit damages remedies. That's my problem. The presumption does not apply in the discrimination context. That is the holding in the Holmes case. And it did not apply in Holmes. So the presumption cannot be used to satisfy the plaintiff's burden in this type of a case. And the lower court here recognized that and said this case is not bound or governed by a presumption of money damages. The test is, can the agreement be fairly interpreted as mandating the payment of money in the event of breach? Here we're saying this, and in Holmes, it was very, very different. This court looked to particular provisions of that settlement agreement and said that based on those particular provisions, that settlement agreement could be fairly construed as mandating the payment of money. That is, as the lower court pointed out here, not the case here. Because this agreement cannot be fairly interpreted as mandating the payment of money. It's a very simple procedural agreement. It doesn't settle anything. Just to be clear, your answer to my question about the hypothetical, if he had come in and said, I got to get this money because my daughter this and my son this, and you had gone out to the newspaper and said, here's this nasty stuff, embarrassing stuff about the daughter and the son, no breach of contract claim. No jurisdiction. Because no breach of contract claim, right? No, no. My fairly compensable breach of contract claim. Yes, yes. Would there be some other remedy? The remedy is stated in the agreement itself that no. That's not a remedy for the daughter and the son, is it? Or even for him, for maybe the family breaking up and so on like that. So, I mean, are you saying that there's no remedy at all? No, the remedy. Might there be a tort remedy? Might there be something else? Well, let me just say first that there's definitely not a money damages contract remedy. The remedy pursuant to the agreement itself in paragraph 9 and also paragraph 7 is that you cannot use whatever revealed in the mediation in any subsequent proceeding, whether it be administrative or legal. So, for example, if you went from the mediation, the complainant has an option. They can go to an administrative hearing or they can go to a lawsuit in district court. And in either proceeding, whether it's administrative or a lawsuit, whatever is revealed at the mediation cannot be, the fact that it was revealed at mediation cannot be used in the legal proceeding. That is the remedy. It says that is a remedy. It doesn't say that is the only remedy. I understand. It does not explicitly have that language of ruling out. And I don't remember whether I asked you or I asked your counterpart. Are you aware of any case anywhere in the country that has said a damages remedy is not available for the breach of a mediation confidentiality provision? For a mediation agreement, no. But I am aware of other cases, other contract cases, where the court has said that money damages are not the appropriate remedy. And, for example, there is the unpublished decision by this court, Sylvia versus the United States. Sylvia. Sylvia. Yes, it's 2002 Westlaw 312604448 from 2002. There was an agreement there that the government was alleged to have breached and no money damages, it could not be interpreted as leading to money damages. So, therefore, there was no jurisdiction. And then, of course, there are also the cases in the criminal area, which I'm sure the court is well aware of. The Saunders case and the other criminal cases. And in those contexts. This case goes to the jurisdiction of the Court of Federal Claims, which is its own subject matter. Certainly. And here, this really is simply a procedural agreement, which contains the, specifies what the remedy is. You can't use the information in later proceedings. And, you know, what we're pointing out, as the lower court pointed out, that as with all forms of mediation, this is driven by a hope that parties will sit down and we'll talk and maybe some settlement agreement will be reached. But it is not a settlement agreement. The parties don't give up anything with regard to the complaint that they filed at the EEOC, that stood there at the beginning and it's there at the end. So they haven't settled the initial complaint. And here... Just to be clear, I mean, the purpose of the mediation is hopefully to reach a settlement in the dispute. And certainly it says that right up front in the agreement that parties signed this hoping to arrive at a settlement agreement. But at the same time, nobody is forced to agree. You must participate because of the regulation. But after participating, you know, very briefly, five minutes, you can walk out the door. And here also, if parties were... If this agreement stated up front that if you say something later on, reveal something that was said at the mediation, and you could have a whole other lawsuit, then parties are going to be very much discouraged from sitting down to mediation with that kind of mindset. If they think that simply by saying something later that there could be a whole other separate lawsuit, then parties are not going to sit down for this kind of session. So... That was a 1500 issue, which isn't being argued here. It wasn't decided on the basis of 1500. Not from 1500. Correct. Can I ask you a question that I asked your counterpart? What is the source of the authority? Is it the EEOC regulation that allowed the two State Department officials to enter and to sign this agreement? Yes, they're required to. And how would you... If it were relevant to think about the question, did those officials, by signing this agreement, have authority to commit the funds of the United States for any breach? How would you go about answering that question? That is a question that's going to have to be answered on the merits. And I don't know the answer, whether these particular individuals have the authority to obligate the government in money damages. We think that is a contention that would go to the merits of the case. Thank you, Mr. Schmidt. Mr. Macias has some rebuttal time. Counsel, I'm going to ask you if you could please speak up for clarity, okay? It has been difficult hearing your arguments. Yes, Your Honor. Will do. Just a few points. A, I obviously take exception with the characterization as entering into the agreement as being a requirement. I think there was a valid contract, and to characterize it as a requirement for him to sign, there were two parties, and things weren't given up. I think she's saying that as part of the EEOC proceeding, that it's required that you undergo mediation. Correct, but there's a voluntary entering into an agreement, would be my point. And on the other last point would be, with regard to the exclusive remedy being the exclusion of evidence, and almost to build on Judge Toronto's point, I have trouble dealing with that matter. I believe that as far as fairly contemplating, there were cases cited, and Judge Damage criticized us for that with regard to trade secrets. So, if we start with breach of mediation agreement, the way they go will end up being in varied sorts. I think that with breach of mediation agreement on its own, money damage can fairly be contemplated. However, I think it's a matter of fact with regard to what exactly those damages would be, rather than, like I said earlier, the jurisdictional issue. I think that the court clearly does have jurisdiction. I think what monetary damages would be the result of this ultimately would be a question of fact, not a question of law or jurisdiction. Thank you, Mr. Mathias. Thanks for taking the case, Senator Jackson.